IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-03059-M-RJ

| | | |
|---|---|---|
| OLADAYO OLADOKUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

On March 18, 2025, Oladayo Oladokun ("plaintiff"), a federal inmate, filed *pro se* a complaint citing the Federal Tort Claims Act ("FTCA"). See [D.E. 1].

On April 24, 2025, the court issued an order of deficiency, directing plaintiff to refile his complaint on the forms prescribed for use by the court. See Order [D.E. 6].

On May 19, 2025, plaintiff filed the operative complaint, again premised upon the FTCA. Compl. [D.E. 10]. Plaintiff generally alleges mold exposure at F.C.I. Butner worsened his breathing issues but, despite provider Dr. Craft's promise that plaintiff would be referred to an outside specialist for needed medical treatment, this never occurred. Id.

On November 14, 2025, the court allowed the action to proceed. Order [D.E. 11].

On February 2, 2026, the United States ("defendant") moved to dismiss or, alternatively, for summary judgment, Mot. [D.E. 17], and filed a memorandum in support [D.E. 18], a statement of material facts [D.E. 19], an appendix [D.E. 20], with the declaration of Dr. Craft [D.E. 20-1], a proposed sealed document [D.E. 21], and a motion to seal, Mot. [D.E. 22].[1]

---

[1] The proposed sealed document entails plaintiff's medical records. The public received notice of the motion to seal, and nobody objected. After review under the governing standard, see Courthouse News Serv. v. Schaefer, 2 F.4th 318, 326 (4th Cir. 2021); Doe v. Public Citizen, 749 F.3d 246, 271–73 (4th Cir. 2014), the court grants the motion.

Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam) ("<u>Roseboro</u>"), the court notified plaintiff about defendants' motion to dismiss or, alternatively, for summary judgment, the consequences of failing to respond, and the response deadline. [D.E. 23].

On February 19, 2026, plaintiff filed a response in opposition. [D.E. 24].

Legal Standards:

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction–a court's "statutory or constitutional power to adjudicate the case." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 89 (1998) (emphasis omitted). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." <u>Id.</u>; <u>see</u> <u>also</u> <u>Evans v. B.F. Perkins Co.</u>, 166 F.3d 642, 647 (4th Cir. 1999).

When considering a Rule 12(b)(1) motion, the court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." <u>Richmond, Fredericksburg & Potomac R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991) (citations omitted). "The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." <u>Id.</u> Thus, a court grants a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." <u>Id.</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677–80 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555–63 (2007); <u>Coleman v. Md. Court of Appeals</u>, 626 F.3d 187, 190 (4th Cir. 2010), <u>aff'd</u>, 566 U.S. 30 (2012).

2

To withstand a Rule 12(b)(6) motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted). Although the court liberally construes *pro se* complaints, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), the court need neither accept a complaint's legal conclusions drawn from the facts, see Iqbal, 556 U.S. at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted). Nevertheless, the court presumes as true the factual allegations in the complaint and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A court reviewing a motion for summary judgment should determine if a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this

3

determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Discussion:

Under the FTCA, the United States waives its sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); see Millbrook v. United States, 569 U.S. 50, 52 (2013); United States v. Muniz, 374 U.S. 150, 150 (1963).

In support of the motion to dismiss, defendant argues that: the court lacks subject matter jurisdiction over plaintiff's conditions-of-confinement claims; plaintiff fails to show a waiver of sovereign immunity; the discretionary function exemption bars conditions-of-confinement claims; there is no private party analogue; and deliberate indifference claims are not cognizable under the FTCA. Def.'s Mem. [D.E. 18] at 7–11. In support of the motion for summary judgment, defendant argues that plaintiff fails to demonstrate issues of material fact. See id. at 13–16.

In his response, plaintiff asserts that there are material factual disputes, "including worsening symptoms, delayed diagnostic, inadequate medical care, and environmental triggers." Pl.'s Resp. [D.E. 24] at 2. Plaintiff also argues he cannot present facts essential to his opposition to the motion for summary judgment without discovery, including medical records, environmental inspection reports, and "records of communication between medical and facilities staff regarding respiratory complaints." Id. at 2.

Accepting as true plaintiff's allegations, he has "nudged [his] claims across the line from conceivable to plausible," Twombly, 550 U.S. at 570, and the operative complaint survives the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), cf. Iqbal, 556 U.S. at 678–79.

4

Discovery on the matters plaintiff cites may create genuine issues of material fact sufficient to defeat defendant's motions to dismiss for lack of subject matter jurisdiction and for summary judgment. See Fed. R. Civ. P. 56(d); Pledger v. Lynch, 5 F.4th 511, 525–27 (4th Cir. 2021); see also Tyree v. United States, 642 F. App'x 228, 229 (4th Cir. 2016) (per curiam) (unpublished) (reversing pre-discovery summary judgment in FTCA case due to Fed. R. Civ. P. 56(d) motion); Tyree v. United States, 814 F. App'x 762, 770 (4th Cir. 2020) (per curiam) (unpublished) ("where 'a jurisdictional inquiry would require the consideration of merits-based evidence,' '[d]iscovery provides a procedural safeguard' prior to the dismissal of a complaint" (citation omitted)).

Defendant may again raise any argument concerning the discretionary function exception in a future motion. Cf. Tyree, 814 F. App'x at 767; see Medina v. United States, 259 F.3d 220, 223–24 (4th Cir. 2001); see also Bruno v. United States, No. 3:18-CV-1390, 2019 WL 7285281, at *4 (N.D. Fla. Dec. 5, 2019) (unpublished), report and recommendation adopted, 2019 WL 7284761 (N.D. Fla. Dec. 27, 2019) (unpublished).

## Conclusion:

For the reasons discussed above, the court: GRANTS defendant's motion to seal [D.E. 22]; DENIES WITHOUT PREJUDICE defendant's motion to dismiss or, in the alternative, for summary judgment [D.E. 19]; and refers this action to Magistrate Judge Robert B. Jones, Jr., for entry of a scheduling order to include a deadline for defendant to answer the operative complaint.

SO ORDERED this __16th__ day of June, 2026.

RICHARD E. MYERS II
Chief United States District Judge

5